**STATE OF WEST VIRGINIA**

*In re* **R.P.**

**No. 18-0362** (Fayette County 17-JA-66)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.P., by counsel Joseph M. Mosko, appeals the Circuit Court of Fayette County's March 23, 2018, order terminating his parental rights to R.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Allison R. Taylor, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his parental rights when he was not present for the dispositional hearing and the record demonstrated that he was seeking help for his substance abuse.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, petitioner's counsel notes that his brief is filed in accordance with Rule 10(c)(10)(a) of the West Virginia Rules of Appellate Procedure, which provides that

> [c]ounsel must engage in a candid discussion with the client regarding the merits of the appeal. If, after consultation with the client, the client insists on proceeding with the appeal, counsel must file a notice of appeal and perfect the appeal on the petitioner's behalf. The petitioner's brief should raise any arguable points of error advanced by the client. Counsel need not espouse unsupportable contentions insisted on by the client, but should present a brief containing appropriate citations to the appendix and any case law that supports the assignments of error.

1

In August of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother alleging that they engaged in domestic violence against each other and the child. Then four-year-old R.P. admitted to a forensic interviewer that she had cigarette burns on her legs and disclosed that "[m]y mommy and daddy burned me." R.P. also pointed to a scar on her leg which she stated was a cigarette burn. The DHHR alleged that petitioner hit R.P. in the forehead, grabbed her head, and slammed her against the wall. Further, the DHHR alleged that petitioner abused controlled substances in the presence of the child. Based upon the foregoing, the DHHR alleged the child was abused and neglected by petitioner and the mother. Petitioner waived his preliminary hearing.

The circuit court held an adjudicatory hearing in September of 2017, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period in October of 2017, and ordered that he submit to random drug screens, participate in a batterer's prevention program, refrain from using or possessing controlled substances without a prescription, undergo a substance abuse evaluation, and participate in an inpatient rehabilitation program.

A multidisciplinary team ("MDT") meeting was held in November of 2017 and petitioner failed to attend. The MDT members were informed that petitioner was recently arrested for shoplifting and had been granted entrance to an inpatient rehabilitation program at the Learn Center. At a status hearing held later in November of 2017, petitioner was ordered not to violate any state, federal, or municipal laws as part of his improvement period. The circuit court also ordered petitioner to enter a drug rehabilitation program without leaving against medical advice, as he had left the Learn Center after only a few days.

The DHHR subsequently filed a motion to revoke petitioner's improvement period due to his failure to complete a drug rehabilitation program and his unauthorized contact with the mother, and the circuit court held a hearing on the matter in January of 2018. However, the hearing was continued, and petitioner was ordered to comply with treatment at Amity, a detoxification facility. An MDT meeting was held in February of 2018, during which the members discussed petitioner's participation at Amity. The records from the program indicated that petitioner did not fully cooperate with the services offered. Despite agreeing to attend follow-up meetings at a Day Report Center, petitioner failed to do so, and also failed to comply with Amity's recommendation to enter a long-term inpatient treatment program. In fact, after having been released from the program, petitioner avoided drug screens and on one occasion that he did screen, he tested positive for benzodiazepines. Based upon petitioner's failure to adhere to the terms and conditions of his improvement period, the DHHR and the guardian recommended termination of his parental rights.

Later in February of 2018, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. The DHHR proffered that petitioner failed to participate in the case and recommended that his parental rights be terminated. After hearing arguments, the circuit court found that petitioner was a drug addict and failed to comply with substance abuse treatment. Specifically, petitioner left one rehabilitation program against medical advice after four days. Petitioner completed the Amity program, but did not attend all

2

group meetings, did not attend follow-up meetings at the Day Report Center, and did not comply with their recommendation of long-term inpatient treatment. After having been released from the program, petitioner provided a positive drug screen and thereafter avoided services providers attempting to administer drug screens and provide parenting and adult life skills classes. Petitioner also failed to comply with domestic violence counseling and was arrested for shoplifting. Based on these findings, the circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the child's welfare. It is from the March 23, 2018, dispositional order terminating his parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when he was not present for the dispositional hearing. However, petitioner provides no citation to the record or any authority regarding this argument and, apart from his assignment of error, entirely fails to provide any argument on this issue. Accordingly, we decline to address this argument on appeal pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

---

[2] R.P.'s mother is participating in an improvement period. Pending her successful completion of the same, the permanency plan for the child is to return to her care. The concurrent alternative permanency plan is adoption by the foster family.

Petitioner also assigns as error the circuit court's termination of his parental rights when the record demonstrated that he was attempting to seek treatment for his substance abuse problem. Specifically, petitioner argues that his improvement period was "well within the boundaries prescribed by the West Virginia Code with regard to the length of an improvement period" and that he sought treatment multiple times. According to petitioner, the child's best interests would have been served by providing petitioner additional time to seek long-term inpatient rehabilitation. We find petitioner's argument to be without merit.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

The record demonstrates that petitioner substantially failed to participate in the proceedings. As part of his improvement period, petitioner was ordered to participate in services, including entering a drug rehabilitation program and domestic violence counseling. However, petitioner left one rehabilitation program against medical advice after only four days. Further, while petitioner did complete a second program, the Amity program, he did not follow through with Amity's recommendation to enter long-term inpatient rehabilitation and did not attend follow-up meetings at a Day Report Center, as agreed. Petitioner tested positive for controlled substances only weeks before the dispositional hearing and was difficult to contact in order to provide random drug screens, parenting classes, and adult life skills classes. Moreover, he failed to attend any domestic violence counseling and was arrested for shoplifting during his improvement period.

To the extent that petitioner argues that he should have been given more time to comply with his improvement period because the same was not barred by time requirements under the West Virginia Code and because he entered a rehabilitation program, we find that he failed to establish that he was entitled to an extension. Pursuant to West Virginia Code § 49-4-610(6),

> [a] court may extend any improvement . . . for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

4

Here, petitioner did not substantially comply with the terms of his improvement period and, as such, failed to demonstrate that he was entitled to an extension of the same.

Because petitioner failed to address the conditions of abuse that led to the filing of the petition despite having ample time and resources, we find that the circuit court did not err in determining that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. While petitioner states that he needed more time to comply with services, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based upon the evidence outlined above, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, because the proceedings in circuit court regarding the mother are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including

permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 23, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating